

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  SAMSON, DONALD  C.
   (Last)      (First)      (Initial)

Prisoner Number  K-80595

Institutional Address  HIGH DESERT STATE PRISON
P.O BOX 3030 / SUSANVILLE, CA. 96127-3030

FILED
JUL 31 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DONALD SAMSON
(Enter the full name of plaintiff in this action.)

vs.

LEE A. VIOLETT, CHIEF
ALEX POHLEDER, OFFICER
GOVERNORS, GRAY DAVIS &
ARNOLD SCHWARZENEGGER
(Enter the full name of the defendant(s) in this action)

Case No. _____
(To be provided by the clerk of court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.  **Exhaustion of Administrative Remedies**

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.  Place of present confinement  HIGH DESERT STATE PRISON.

B.  Is there a grievance procedure in this institution?  N/A
    YES ( )   NO ( )

C.  Did you present the facts in your complaint for review through the grievance procedure?  N/A
    YES ( )   NO ( )

D.  If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT         - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why. N/A

1. Informal appeal _____

_____

_____

2. First formal level _____

_____

_____

3. Second formal level _____

_____

_____

4. Third formal level _____

_____

_____

E. Is the last level to which you appealed the highest level of appeal available to you? N/A

YES ( )    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. THE INSTANT CLAIM DERIVED FROM A CRIMINAL CONVICTION, WHERE THE "CRIMINAL CONVICTION" WAS, CALLED INTO QUESTION BY THE U.S SUPREME COURTS GRANTING WRIT OF CERTIORARI.
HECK V. HUMPHREY, 512 U.S. 477

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
DON SAMSON K-80595 / HIGH DESERT STATE PRISON / FACILITY-A, BLDG. #1 / P.O. BOX 3030
SUSANVILLE, CA. 96127-3030

B. Write the full name of each defendant, his or her official position, and his or her place of employment. SAN BRUNO POLICE DEPARTMENT
LEE G. VIOLETT, SAN BRUNO CHIEF POLICE (2002)
ALEX POHLEDER, SAN BRUNO POLICE OFFICER

COMPLAINT                               - 2 -

1. GOVERNOR; GRAY DAVIS (2002) STATE OF CALIFORNIA
2. GOVERNOR; ARNOLD SCHWARZENEGGER, STATE OF
3. CALIFORNIA

4. III.    Statement of Claim

5.        State here as briefly as possible the facts of your case. Be sure to describe how each
6. defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any
7. cases or statutes. If you have more than one claim, each claim should be set forth in a separate
8. numbered paragraph. THIS IS A CIVIL RIGHTS ACTION FILED
   BY PLAINTIFF DONALD SAMSON, A STATE PRISONER, FOR
9. DECLARATORY RELIEF, FOURTH AMENDMENT VIOLATION
10. WHERE PLAINTIFF, A PAROLEE, WAS ARBITRARILY AND
11. CAPRICIOUSLY SEARCHED AFTER DEFENDANT, ALEX
12. ROHLEDER, A SAN BRUNO POLICE OFFICER, MADE THE
13. OFFICIAL DETERMINATION THAT THE PLAINTIFF "DID NOT"
14. HAVE A WARRANT FOR PAROLE VIOLATION. AFTER THE
15. DEFENDANT DETERMINED THAT PLAINTIFF SAMSON,
16. "DID NOT" HAVE THE WARRANT FOR PAROLE VIOLATION,
17. THE DEFENDANTS ACTIONS OF HARASSMENT WERE OF AN
18. OBDURATE MOTIVATION. PLAINTIFF WAS INITIALLY
19. SEARCHED BY DEFENDANT AND WAS FOUND TO BE
20. "CLEAN". AFTER THE DETERMINATION THAT THE PLAINTIFF
    HAD "NO" WARRANT, AND THAT THE INITIAL SEARCH REVEALED
21. "NO" WEAPONS OR CONTRABAND; THE SUBSEQUENT SEARCH WAS
    HARASSMENT.
22. IV.    Relief

23.        Your complaint cannot go forward unless you request specific relief. State briefly exactly what
24. you want the court to do for you. Make no legal arguments; cite no cases or statutes.
25. SEE PAGE # 6-7
26. 
27.        $12,000,000.00
28.        TWELVE MILLION DOLLARS.

COMPLAINT                              - 3 -

# Statement of Claim

## Jurisdiction

The court has Jurisdiction over the plaintiffs claims of violation of federal constitutional rights under 28 U.S.C. 1331(A).

## Defendants

1). Lee G. Violett, Chief of police of the San Bruno Police Department.

2). Alex Pohleder, Police Officer of the San Bruno Police Department.

3). Gray Davis, was employed as Governor of the State of California.

4). Arnold Schwarzenegger, is employed as Governor of the State of California.

## Personal Involvement

The plaintiff alleges personal involvement of the defendants in the constitutional violations by the following:

1). Defendant Pohleder, arbitrarily seized and apprehended the plaintiff on the pretext that the plaintiff had a warrant for a parole violation. The defendants actions were capricious and he impulsively acted on a whim, without any reliable proof that the plaintiff had actually violated his parole. The defendant's real motive was to harass the plaintiff.

-1-

## Statement Of Claim

The defendants actions upon and against the plaintiff rivals only the "Driving While Black" persecution, carried out by similar rogue officers.

2). Defendant, Lee C. Violett, San Bruno - Chief of Police, failed to make policy or to take action to prevent predictable violations of rights perpetuated by "Rogue Cops" such as defendant Alex Rohleder. The defendant knew of Rohleders previous, bad faith, actions but, failed to recommend Rohleder for further sensitivity training.

3). Defendant, Gray Davis, Governor, failed to make state policy which would address the states overreaching policy which infringes upon California parolees Fourth Amendment rights against unreasonable searches and seizures. The actions and inactions of the defendant are the primary cause of the State of Californias looming prison over-crowding.

4). Defendant, Arnold Schwarzenegger, Governor, failed to make state policy which would address the states overreaching policy which infringes upon California parolees Fourth Amendment rights against unreasonable searches and seizures. The actions and inactions of the defendant are the primary cause of the State of Californias looming prison over-crowding.

STATEMENT OF CLAIM

DEFENDANTS #3 AND #4, APPROVED, ALLOWED, CONTINUED, OR TACITLY AUTHORIZED POLICIES, PRACTICES, OR PROCEDURES WHICH WERE SUBSTANTIALLY CERTAIN TO RESULT IN DEPRIVATIONS OF THE PLAINTIFFS CONSTITUTIONAL RIGHTS.

PLEASE REFER TO MINNESOTA V. DICKERSON, 508 U.S. 366, 378, 124 L. Ed. 2d 334, 113 S.Ct. 2130 (1993); UNITED STATES V. MILES, 247 F.3d 1009, 1015 (9TH CIR. 2001). SEE ALSO, UNITED STATES V. STOKES, 292 F.3d 964, 967 (9TH CIR. 2002); AND UNITED STATES V. PORTILLO-AGUIRRE, 311 F.3d 647, 655-56 (5TH CIR. 2002).

STATEMENT OF CLAIM

PLAINTIFF IS STATING A CLAIM FOR THE FOURTH AMENDMENT VIOLATION COMMITTED BY THE DEFENDANTS, AND ALL OF THEM, ON SEPTEMBER 6, 2002, AT APPROXIMATELY 5:34 P.M. THIS VIOLATION IS A DIRECT RESULT OF THE CAL. CODE REGS. TITLE 15, 2511 (B)(4), IN WHICH DEFENDANTS, GOVERNOR, GRAY DAVIS AND ARNOLD SCHWARZENEGGER, PROMULGATED IN THEIR OFFICIAL CAPACITY.

1). ON SEPTEMBER 6, 2002, THE PLAINTIFF WAS ARRESTED FOR POSSESSION OF METHAMPHETAMINE. HE WAS EVENTUALLY FOUND GUILTY AND SENTENCED TO SEVEN (7) YEARS IMPRISONMENT.

2). ON SEPTEMBER 14, 2004, THE CALIFORNIA COURT OF APPEAL AFFIRMED PLAINTIFFS CONVICTION.

3). ON JANUARY 12, 2005, THE CALIFORNIA SUPREME COURT DENIED PLAINTIFFS PETITION FOR REVIEW.

-3-

STATEMENT OF CLAIM

4). Finally, the U.S. Supreme Court granted plaintiffs, Writ of Certiorari, satisfying the requirements of Heck v. Humphrey. (Called into question by Federal Courts (S. Ct.) issuance of writ).

5). On September 6, 2002, at about 5:34 p.m., San Bruno police officer, Alex Rohleder stopped the plaintiff, a female companion and her three year old baby, while walking down a city sidewalk. Defendant Rohleder, falsely proclaims that he stopped the plaintiff "on information communicated to him by other officer(s) by whom he testified was South San Francisco Police, was under the impression that plaintiff was a parole fugative at large."
The defendant initially searched the plaintiff, then, ran plaintiff for a warrant check. Despatch confirmed that there had been no warrant issued. After confirmation that plaintiff was <u>not</u> "a parole fugative at large," and that the plaintiff had <u>no</u> contraband on his person [After] the initial search; defendant Rohleder went on an "all-out" quest to find some fault and/or incriminating evidence to arrest the plaintiff and his female companion.

6). Defendant Rohleder, admitted under oath that, he searches parolees on a "regular basis." The defendant further stated that," being [A] parolee," plaintiff "needs to make sure he's still obeying the law. It's a previlege for him to be out here."

- 4 -

## STATEMENT OF CLAIM

7). Because defendant Rohleder, knew of plaintiffs parole status, "from a prior contact," and because the defendant openly admitted, under oath, that he searches parolees on a "regular bases;" it would not be a stretch to conclude that defendant Rohleders motivation for the subsequent search, was for harassment purposes.

8). The limits on (parolee-suspicionless search) Fourth Amendment, protected searches, are those grounded in arbitrary, capricious or harassing motivation. (Reyes, 968 P.2d at 451).

9). Unconstrained discretion is unreasonable. (Florida v. Wells, 495 U.V. 1.

10). "An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S. 491, 500 (1983).

11). "The scope of the search must be strictly tied to and justified by the circumstances which rendered its initiation permissible." Terry v. Ohio, 392 U.V. 1, 17 (1968).

12). California Code Regs. Title 15, 2511 (B)(4) ("You and your residence and any property under your control may be searched without a warrant at any time by any agent of the, department of corrections, or any law enforcement officer.")

The statements asserted in the above, statement of claim, are TRUE and correct, and can be found in court files.

-5-

## Statement Of Claim

RELIEF:

THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

DECLARATORY RELIEF:

THE COMPLAINED OF ACTIONS OF THE DEFENDANTS VIOLATE PLAINTIFFS FOURTH AMENDMENT RIGHTS.

THE COMPLAINED OF ACTIONS OF THE DEFENDANTS HAVE DEMONSTRATED GROSS AND SYSTEMATIC DEFICIENCIES IN THE STATES STATUTES AND POLICIES WHICH VIOLATE THE UNITED STATES CONSTITUTION.

THE COMPLAINED OF ACTIONS OF THE DEFENDANTS HAVE PROXIMATELY, INCLUSIVELY, AND DIRECTLY INJURED OR THREATEN TO INJURE THE PLAINTIFFS RIGHTS, PRIVILEGES, BENEFITS, IMMUNITIES, AND PROTECTIONS UNDER THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION.

THE FAILURE OF DEFENDANTS TO PROPERLY APPLY THE PARAMETERS OF THE FOURTH AMENDMENT TO THE STATE OF CALIFORNIAS PROBABLE CAUSE STATUTES DEMONSTRATES GROSS RECKLESSNESS.

THE COMPLAINED OF ACTIONS OF THE DEFENDANTS HAVE INFLICTED UPON THE PLAINTIFF GRATUITOUS PAIN AND SUFFERING.

STATEMENT OF CLAIM

MONETARY DAMAGES:

Award the plaintiff compensatory damages in the amount of two million ($2,000,000.00) dollars jointly and severally from the defendants.

Award the plaintiff punitive damages in the amount of one million ($1,000,000.00) dollars individually from each defendant.

OTHER RELIEF:

Court costs and fees.

Award the plaintiff any other relief which the court feels the plaintiff is entitled to.

($12,000,000.00) - Twelve million dollars.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4 day of July, 2007.



# EXHIBIT-A

- DESCRIPTION OF THIS EXHIBIT:

    COURT TRANSCRIPTS / WARRANT CHECK.

- NUMBER OF PAGES TO THIS EXHIBIT: 3 PAGES.

- JURISDICTION:

    UNITED STATES DISTRICT COURTS

```
1    ATTITUDE TOWARDS THE POLICE WHEN HE SAID, HE WASN'T
2    GOING TO BE TAKEN BACK TO PRISON?
3         THE WITNESS:  YES.  I RECALL HIM BEING THE
4    PERSON THAT SAID THAT.
5         THE COURT:  OKAY.  THAT'S ALL I NEEDED TO
6    KNOW.  THANK YOU.
7            MR. LIEBERMAN?
8            MR. LIEBERMAN:
9    Q    HAVE ANY PERSONAL ANIMOSITY TO MR. SAMSON?
10   A    NOT AT ALL.
11   Q    HAVE AN ARGUMENT WITH HIM THAT DAY?
12   A    NO.
13        MR. LIEBERMAN:  IF THE COURT WILL JUST GIVE ME
14   A MOMENT?
15        THE COURT:   SURE.
16        MR. LIEBERMAN:
17   Q    ONCE YOU DETERMINED THERE WAS NO WARRANT, DID
18   YOU CONSIDER LETTING HIM GO ALONG HIS WAY?
19   A    AFTER A PAROLE SEARCH, IF HE HAD NOTHING ON HIM
20   ILLEGAL.
21   Q    BUT AGAIN, YOU WOULDN'T NECESSARILY SEARCH
22   EVERY PAROLEE UNDER THOSE CIRCUMSTANCES, WOULD YOU?
23   A    IN FOUR YEARS I'VE DEALT WITH MANY PAROLEES,
24   MANY PEOPLE ON CONTACTS, MANY PEOPLE ON CONTACTS.  I
25   CAN'T TELL YOU IF I DONE IT ON EVERYBODY.
26        I CAN TELL YOU REGULAR BASIS, PERSON, PAROLEE
```

1   OR PERSON SUBJECT TO SEARCH AND SEIZURE, I WOULD SEARCH

2   THEM.

3   Q        YOUR FIRST CALL IN WAS 19-10,1066, IS THAT

4   RIGHT?

5   A        THAT IS CORRECT.

6   Q        A SUSPICIOUS PERSON?

7   A        THE CODE, IF I'M GOING WITHOUT WITH A PERSON,

8   ANYBODY, 1066, IF I WOULD MAKE A TRAFFIC STOP, IT WOULD

9   BE 1186.

10  Q        SO JUST A HUMAN BEING GIVES RISE TO 1066 A, I'M

11  UNCLEAR IF YOU'RE MAKING CONTACT WITH JUST AN

12  INDIVIDUAL, THAT'S 1066?

13  A        IT'S MY UNDERSTANDING BECAUSE OF RADIO TRAFFIC,

14  YOU, I WOULD, MY OFFICER ORDERS, I'M GOING OUT WITH

15  THIS SUBJECT, BECAUSE ON PAROLE, AND I THINK RE PAROLE

16  WARRANTS, IT'S TO CUT TRAFFIC ON THE RADIO IN CASE OF

17  EMERGENCY FOR OFFICER, OTHER OFFICERS.

18          THE COURT:  IT'S A CRYPTIC WAY OF SAYING,

19  YOU'RE CONTACTING SOMEBODY THAT MIGHT BE A PROBLEM,   *TYPO ERROR*

20  RIGHT?                                                *(PROBLEM)*

21          THE WITNESS:  NOT NECESSARILY A PERSON, JUST,   *1066*

22  I'M CONTACTING SOMEONE.  SO THEY KNOW WHERE I'M AT IN

23  CASE THERE'S A PROBLEM.

24          THE COURT:  YOU DON'T GIVE THE DETAILS.

25  OBVIOUSLY WANT TO MINIMIZE JABBERING ON THE RADIO,

26  RIGHT?

```
1            THE WITNESS:  THAT IS CORRECT, YOUR HONOR.
2            THE COURT:  OKAY.  THANK YOU.  NEXT QUESTION.
3            MR. LIEBERMAN:  NOTHING FURTHER AT THIS TIME.
4            THE COURT:  REDIRECT?
5            MS. OBERMEYER:  NO YOUR HONOR.
6            THE COURT:  YOU MAY STEP DOWN OFFICER.  THANK
7    YOU.
8            THE WITNESS:  THANK YOU.
9            THE COURT:  GOOD LUCK IN YOUR CAREER.
10               WHAT'S YOUR NEXT WITNESS, IF ANY,
11   MS. OBERMEYER?
12           MS. OBERMEYER:  WELL, I HAVE A TAPE, YOUR
13   HONOR, THAT I'D LIKE TO PLAY.
14           THE COURT:  PURPOSE?
15           MS. OBERMEYER:  CORROBORATES THE OFFICER'S
16   TESTIMONY THAT HE CONFIRMED THAT THE DEFENDANT WAS
17   PAROLEE AND STATES SO IN THE COMMUNICATION TAPE.
18           THE COURT:  MR. LIEBERMAN, HAVE YOU HEARD IT?
19           MR. LIEBERMAN:  I HAVE.
20           THE COURT:  ANY OBJECTION?
21           MR. LIEBERMAN:  NO.
22           THE COURT:  HOW LONG IS IT?
23           MS. OBERMEYER:  VERY SHORT, I'D SAY, TWO, THREE
24   MINUTES AT THAT.
25           THE COURT:  IS THERE A TRANSCRIPT?
26           MS. OBERMEYER:  THERE'S A PRINTOUT.
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DONALD C. SAMSON

**PLAINTIFF or PETITIONER**

v.

LEE G. VIOLETT, CHIEF POLICE
ALEX POHLEDER OFFICER
GOVERNOR, GRAY DAVIS (2002)
GOVERNOR, ARNOLD SCHWARZENEGGER

**Defendant or Respondent**

Case Number:

## PROOF OF SERVICE

_____,

I hereby certify that on JULY 4, 2007, I served a copy of the attached 42 U.S.C 1983, CIVIL COMPLAINT, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at SUSANVILLE, CA. :

I declare under penalty of perjury that the foregoing is true and correct.

_____