IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD C. SAMSON,                             No. C 07-03923 CW (PR)

    Plaintiff,                              ORDER OF DISMISSAL

  v.

LEE G. VIOLETT, et al.,

    Defendants.
_____/

    Plaintiff Donald C. Samson, formerly incarcerated at High Desert State Prison, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis (IFP).

    Venue is proper in this district because the events giving rise to the action occurred in San Mateo County, which is located in this district. See 28 U.S.C. § 1371(b).

## BACKGROUND

    Plaintiff alleges that, on September 6, 2002, Defendant San Bruno Police Officer Alex Rohleder stopped him and a female companion with her three-year-old baby while they were walking on the side walk. Defendant Rohleder stopped Plaintiff based on information communicated to him by other officers, specifically that Plaintiff might be a parole fugitive at large. After the stop, Defendant Rohleder searched Plaintiff. After the initial search yielded no weapons or contraband, Defendant Rohleder ran Plaintiff's name for a warrant check. Plaintiff had no warrants out for his arrest; however, Defendant Rohleder continued to search Plaintiff on the basis of his parole status. Plaintiff argues that because Defendant Rohleder admitted to searching parolees on a

"regular basis," it is not unreasonable to infer that he intended to harass Plaintiff. After the continued search, Plaintiff was arrested for possession of methamphetamine.

Plaintiff was eventually found guilty of a drug possession charge and sentenced to seven years in prison. On September 14, 2004, the California Court of Appeal affirmed Plaintiff's conviction. On January 12, 2005, the California Supreme Court denied his petition for review. Plaintiff claims that "the U.S. Supreme Court granted Plaintiffs [sic] writ of certiorari, satisfying the requirements of Heck v. Humphrey."[1] (Compl. Attach. at 4.)

Plaintiff seeks monetary damages. In addition to Defendant Rohleder, he names the following as Defendants: San Bruno Police Chief Lee G. Violett, former Governor Gray Davis, and Governor Arnold Schwarzenegger.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994)

2

construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

Plaintiff's claims of an illegal search and seizure as well as any alleged violations of state and federal laws related to his criminal conviction are barred under Heck.

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that

3

has not been so invalidated is not cognizable under § 1983.  <u>Id.</u> at 487.

Heck makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90 (footnote omitted).  Any such claim is not cognizable and therefore should be dismissed.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 649 (1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by <u>Heck</u> may be dismissed <u>sua sponte</u> without prejudice under 28 U.S.C. §1915).

The Ninth Circuit has held that <u>Heck</u> bars claims challenging the constitutionality of an arrest, prosecution and eventual conviction where a judgment in favor of the plaintiff would imply the invalidity of that conviction.  <u>See</u> <u>Guerrero v. Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006) (<u>Heck</u> barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (<u>Heck</u> barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>Heck</u> barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).  Similarly, an action under 42 U.S.C. § 1983 seeking damages for an alleged illegal search and seizure upon which criminal charges are based is barred by <u>Heck</u> until criminal charges have been dismissed or the conviction has been overturned.  <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (claim that

4

gaming devices had been unlawfully searched for and seized under the Fourth Amendment barred by <u>Heck</u> until charges for illegal possession of gaming devices were dismissed).

In the instant case, Plaintiff argues that his criminal conviction was "called into question by the U.S. Supreme Courts [sic] granting [a] writ of certiorari." (Compl. at 2.) Plaintiff's argument is unavailing because, as mentioned above, his action is barred by <u>Heck</u> until criminal charges have been dismissed or the conviction has been overturned. See <u>Harvey</u>, 210 F.3d at 1015-16. This action is DISMISSED because Plaintiff has failed to allege that the resulting conviction for drug possession charges, based on the alleged illegal search and seizure, has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck</u>, 512 U.S. at 486-487. The dismissal is without prejudice to Plaintiff bringing a new action raising these claims should he satisfy the <u>Heck</u> pleading requirements.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED without prejudice and without leave to amend. The Clerk of Court shall terminate all pending motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED: 11/25/08

CLAUDIA WILKEN
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SAMSON, | Case Number: CV07-03923 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| LEE VIOLETT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald C. Samson
604 Peninsula Ave #4
Burlingame,  CA 94010

Dated: November 25, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

6